IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 12-285 Erie |
| ) | |
| RESURGENT CAPITAL SERVICES, ) | |
| and NORTH STAR CAPITAL ) | |
| ACQUISITION, ) | |
| MICHAEL SZYMANOWSKI, ) | |
| ) | |
| Defendants. ) | |

## OPINION ON DEFAULT JUDGMENT

Pending before the Court is Plaintiff's application for entry of Default Judgment against Defendant North Star Capital Acquisition under Federal Rule of Civil Procedure 55(b)(2). ECF No. 9. Plaintiff filed a Complaint against the above-named Defendants alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. and the Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 et seq. For the reasons set forth below, Plaintiffs' Motion for Default Judgment will be granted.

Both Defendants were served with the Complaint on November 20, 2012, and the answer deadline was set for December 11, 2012. ECF No. 4. On December 11, 2012, Plaintiff indicated that she had settled this action as to Defendant Resurgent Capital Services. Defendant North Star Capital Acquisition failed to answer the Complaint. Accordingly, Plaintiff requested that the Clerk enter Default against North Star Capital Acquisition, which was done on December 19, 2012. ECF Nos. 7 & 8.

Plaintiff seeks a default judgment in her favor and against Defendant North Star Capital Acquisition. Specifically, Plaintiff seeks statutory damages of $100.00 pursuant to 73 P.S. § 201-9.2(a), and that the Court exercise its discretion under this statute and award treble damages, for a total statutory award of $300.00. Plaintiff also requests an award of costs and reasonable attorney fees, and has submitted an affidavit and of expenses and fees with supporting documentation, requesting $640.85 in expenses and $4,270.00 in attorney fees.

After having reviewed the documents of record in this matter, and considering the arguments and authorities submitted by Plaintiff, the Court finds as follows: A default was entered by the Clerk of Court against North Star Capital Acquisition on December 19, 2012. Neither North Star Capital Acquisition nor Fred Hanania, the individual who received service on behalf of North Star Capital Acquisition, is a minor, incompetent person, or a member of the military service of the United States. North Star Capital Acquisition did not appear or otherwise defend in this action. We further find that the allegations in the Complaint, if taken as true, establish that we have subject matter jurisdiction over this litigation, *in personam* jurisdiction over the Defendant, and that the Complaint states viable claims by Plaintiff against Defendant North Star Capital Acquisition. Therefore, we will grant Plaintiff's Motion for Default Judgment against North Star Capital Acquisition.

Plaintiff is entitled to statutory damages of $100. We exercise our discretion to award treble damages and will enter a damages award of $300.00 against North Star Capital Acquisition. In addition, having reviewed Plaintiff's Affidavit of Expenses and Fees, the supporting documentation, and the applicable law, we find the costs and attorney fees to be reasonable and well-supported. Therefore, we will award costs in the amount of $640.85 and attorney fees in the amount of $4,270.00.

An appropriate Order will be entered.

_Feb. 25, 2013_  
Date

_Maurice B. Cohill Jr._  
Maurice B. Cohill, Jr.  
Senior United States District Court Judge

3